Filed 7/14/21  P. v. Robinson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOHN ALLEN ROBINSON, <br><br> Defendant and Appellant. | F081762 <br><br> (Tulare Super. Ct. No. VCF392656) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Ricky Tripp, Nathan G. Leedy, and Jennifer Conn Shirk, Judges.[†]

Andrea L. McCann, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

[†] Judge Tripp presided over the arraignment; Judge Leedy presided over the preliminary hearing setting; Judge Shirk presided over the change of plea and sentencing hearings.

## INTRODUCTION

Appellant and defendant John Allen Robinson pleaded no contest to felony possession of child pornography and was placed on probation. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

In February 2019, federal law enforcement authorities began an investigation of defendant because he purchased child pornography from a particular website that was also being investigated.

On February 6, 2020, federal and state officers executed a search warrant at defendant's residence. They seized laptop computer that contained images and videos of child pornography. Defendant admitted that he possessed and purchased child pornography, and "he had spent a couple thousand dollars on child pornography from various websites over the past seven years."

## PROCEDURAL BACKGROUND

On February 10, 2020, a complaint was filed in the Superior Court of Tulare County that charged defendant with one count of felony possession of child pornography (Pen. Code, § 311.11, subd. (a)).[2]

On June 5, 2020, defendant pleaded no contest to the charge. The parties stipulated to a factual basis for the plea, based on the law enforcement reports in the court's file.

On September 10, 2020, the court conducted the sentencing hearing. Defense counsel requested the court treat the offense as a misdemeanor because defendant had no

---

[1] The facts are from the law enforcement reports, as summarized in the probation report, which the parties stipulated to as the factual basis for defendant's no contest plea.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

prior record, he was 51 years old, he had family support, and he was employed for 30 years before losing his job as a result of this case.

The court denied defendant's motion to treat the offense as a misdemeanor. The court stated the offense was either a "serious mistake or choice," and it did not know whether it was "something he did before and didn't get caught or if this is a midlife crisis that he did something stupid. But we have an obligation as a community to protect children, and this clearly crossed the line so there needs to be a consequence. I'm not going to send him to prison, which I clearly have the right to do, but I'm also not going to reduce it to a misdemeanor or give him a slap on the wrist."

The prosecutor argued defendant should be sentenced to one year because the offense was not "just a mistake. The defendant was viewing pornography for seven years, was paying thousands and thousands of dollars repeatedly for pornography" and continued to do so until he was "caught." Defense counsel replied defendant had been a model citizen for years and should not be sentenced to custodial time.

Defendant addressed the court and stated he had "never taken pictures with anybody, had contact with anybody, never frequented parks or schools or anything like that."

The court placed defendant on formal probation for five years subject to certain terms and conditions, including serving 365 days in county jail with credit for time served, and suspended 95 days of that sentence pending successful completion of probation.

The court also ordered defendant to register as a sex offender for life (§ 290), not to contact anyone under 18 without a chaperone present; not to go anywhere children congregate except with an approved chaperone; not to live within a 500-foot radius of a school; not to take employment that involves unsupervised contact with children; not to possess any pornographic material; not to communicate over the Internet with minors; not to communicate with anyone regarding child pornography; to provide all computer,

3.

electronic device, and social media passwords to probation on a monthly basis, and subject his devices to being searched; not to subscribe to electronic communication services with false identifying information; and not to possess encryption software.

The court ordered defendant to pay a sexual offender conviction fine of $300 (§ 290.3), a restitution fine of $500 (§ 1202.4, subd. (b)), and suspended the probation revocation fine in the same amount (§ 1202.44). It also imposed a court operations assessment of $40 (§ 1465.8), a criminal conviction assessment of $30 (Gov. Code, § 70373), a presentence report preparation fee of $250 (§ 1203.1b), and an administrative screening fee of $25 (Gov. Code, § 29550, subd. (f)). The court granted the public defender's request for reimbursement of $450 in attorney fees (§ 987.8), without defense objection.

On September 17, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 23, 2020, we invited defendant to submit additional briefing. To date, he has not done so.[3]

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

**3** The court's orders regarding defendant's electronic devices are consistent with the provisions of *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128–1129, because defendant used an electronic device to commit the offense in this case – he viewed, purchased, and downloaded child pornography from the Internet to his computer. (*In re Q.R.* (2020) 44 Cal.App.5th 696, 698, 702–704.)